**[J-76-2016][M.O. – Wecht, J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 714 CAP |
| | : | |
| Appellee | : | Appeal from the Order dated August 13, |
| | : | 2015 and entered on the docket on |
| v. | : | August 14, 2015, in the Court of |
| | : | Common Pleas, Allegheny County, |
| | : | Criminal Division at Nos. CP-02-CR- |
| WAYNE CORDELL MITCHELL, | : | 0011609-1997, CP-02-CR-0012047- |
| | : | 1997 and CP-02-CR-0013318-1997. |
| Appellant | : | |
| | : | |
| | : | SUBMITTED: April 26, 2016 |

## *CONCURRING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED: July 19, 2016**

I concur in the result. My reasoning, however, does not wholly align with the majority's rationale insofar as the disposition rests on the proposition that the relevant post-conviction finding – namely, that prosecution witness Sheila Britton would not have apprised trial counsel of circumstances per which she recalled her telephone conversation with Appellant – entails a "legal conclusion." Majority Opinion, *slip op.* at 12. In this regard, I also do not discern the direct relevance of *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000), relied upon by the majority. Rather, I would specifically credit the Commonwealth's position that "appellant is improperly tailoring the factual predicate of his claim in an attempt to circumvent the timing requirements of the PCRA since the information that forms the basis of his claim, *i.e.*, Ms. Britton's statements, were known to him in 2008." Brief for Appellee at 14. In this

respect, I also believe that it should be a rare event in which a post-conviction court's preponderance-based factual determinations should be treated as after-discovered evidence or facts for purposes of the statutory time restrictions on post-conviction relief.

Nevertheless, in retrospect, I am somewhat circumspect about the PCRA court's previous disposition of Appellant's claim of deficient stewardship on the part of his trial counsel in failing to interview Ms. Britton, which rests on a finding, essentially, that the witness would have deceived Appellant's lawyer or otherwise withheld material information from him. *See Commonwealth v. Mitchell*, ___ Pa. ___, ___, ___, 105 A.3d 1257, 1276 (2014). It would have been preferable, in my view, to have assessed whether the defense was prejudiced at trial by the attorney's failure to interview the witness. At this juncture, however, I can merely observe that the Commonwealth advanced a strong position that prejudice was lacking, presently reiterated in a passage of its brief included as an appendix to this concurrence.

**Appendix**


*Excerpt from the Commonwealth's brief:*


Here, the jury was presented with compelling evidence beyond that given by Ms. Britton regarding appellant's phone calls which overwhelmingly established his specific intent to kill the victim. In addition to the victim's diary entries, which detailed appellant's abusive nature and a prior threat to kill her if she ever left him, appellant himself confessed that just nine days before the killing, he brutally raped the victim following an argument regarding a man she was dating. He also admitted to threatening her if she reported the rape. Knowing that he was supposed to report to St. Francis, which was the agreement arranged at the preliminary hearing on the rape charges, he instead went to the victim's home and continued the argument about the other man. In his articulate, coherent and extremely detailed confession to police, appellant confirmed that he returned to the victim's home later that night and during yet another argument over her boyfriend, dragged her toward an empty lot, retrieved a knife and then raped, sodomized, choked and repeatedly stabbed her in the neck, and then disposed of incriminating evidence. The jury was also informed of letters appellate had written to Ms. Britton from jail following the murder, in which he referred to the victim as a whore who had gotten what she deserved. Because this evidence overwhelmingly demonstrated appellant intentionally killed the victim after premeditation and deliberation, he has failed to show how the testimony now in issue would have altered the verdict.

Brief for Appellee at 31-32.